FILED SUMMONS ISSUED
2013 OCT 18 CV 13-5743

CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JAMES WILSON,

                        Plaintiff,

    -against-

CITY OF NEW YORK, MICHAEL FRIEDMAN, Individually, MARTIN BANGHART, Individually, JAMES MALPESO, JOSEPH RYAN, Individually, CORNELIUS BUCKLEY, Individually, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

KUNTZ, J.

AZRACK, M.J.

        Plaintiff JAMES WILSON, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JAMES WILSON is a forty year old African American man who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants MICHAEL FRIEDMAN, MARTIN BANGHART, JAMES MALPESO, JOSEPH RYAN, CORNELIUS BUCKLEY, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On July 20, 2012, at approximately 5:00 p.m., plaintiff JAMES WILSON was a lawful motorist, stopped at a red light in the vicinity of Broad Street and Gordon Street, Staten Island, New York, when a police vehicle pulled in front of plaintiff's vehicle.

13. Moments after, three additional police vehicles arrived.

14. The police vehicles were occupied by defendant officers, believed to include, but not limited to, MICHAEL FRIEDMAN, MARTIN BANGHART, JAMES MALPESO, JOSEPH RYAN, and CORNELIUS BUCKLEY.

15. A defendant officer opened plaintiff's driver's side door and attempted to pull plaintiff out of the vehicle, notwithstanding the fact that plaintiff clearly had his seatbelt fastened. The officer grabbed and choked plaintiff.

16. A defendant officer then opened plaintiff's passenger side door, placed plaintiff's car in park, and released his seatbelt.

17. Plaintiff was then forcefully removed from the vehicle, thrown to the ground, and handcuffed.

18. Plaintiff was repeatedly kicked and punched in the face, back, side, chest, stomach, and legs, both before and after he was handcuffed.

19. After beating plaintiff, defendant officers stood him up and searched him.

20. Plaintiff asked what he had done. In response, an officer grabbed and squeezed

3

force, search and arrest of the plaintiff.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

31. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on when to stop, detain, arrest and search individuals, regarding the use of force, and that said officers engage in a practice of falsification to cover-up their abuses of authority, and that they otherwise make false arrests for collateral objectives, such as for overtime compensation and/or to meet quotas.

32. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. As a result of the foregoing, plaintiff JAMES WILSON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his

constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff JAMES WILSON, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff JAMES WILSON is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants arrested plaintiff JAMES WILSON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44. Defendants caused plaintiff JAMES WILSON to be falsely arrested and unlawfully imprisoned.

45. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JAMES WILSON'S constitutional rights.

48. As a result of the aforementioned conduct of defendants, plaintiff JAMES WILSON was subjected to excessive force and sustained physical and emotional injuries.

49. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants strip searched plaintiff JAMES WILSON in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

52. Defendants thereby caused plaintiff JAMES WILSON to be deprived of his right to be free from unlawful strip searches.

53. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The defendants falsely arrested plaintiff JAMES WILSON because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

56. As a result of the foregoing, plaintiff JAMES WILSON was deprived of his rights under the Equal Protection Clause of the United States Constitution.

57. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

59. Defendants had an affirmative duty to intervene on behalf of plaintiff JAMES WILSON, whose constitutional rights were being violated in their presence by other officers.

60. The defendants failed to intervene to prevent the unlawful conduct described herein.

61. As a result of the foregoing, plaintiff JAMES WILSON'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

62. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65.     As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force and arresting citizens without probable causes and then committing perjury and/or manufacturing evidence in an effort to cover-up their abuses of authority. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and

supervising its employees that was the moving force behind the violation of plaintiff JAMES WILSON'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JAMES WILSON.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JAMES WILSON as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JAMES WILSON as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JAMES WILSON was unlawfully arrested, illegally searched, and subjected to excessive force.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAMES WILSON'S constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiff JAMES WILSON of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

      B.      To be free from false arrest/unlawful imprisonment;

      C.      To be free from excessive force;

      D.      To be free from unlawful strip searches;

      E.      To be free from the failure to intervene; and

      F.      To receive equal protection under law.

75. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80. Plaintiff has complied with all conditions precedent to maintaining the instant action.

81. This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants arrested plaintiff JAMES WILSON without probable cause.

84. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

85. As a result of the aforementioned conduct, plaintiff JAMES WILSON was unlawfully imprisoned in violation of the laws of the State of New York.

86. As a result of the aforementioned conduct, plaintiff JAMES WILSON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. As a result of the foregoing, plaintiff JAMES WILSON was placed in apprehension of imminent harmful and offensive bodily contact.

90. As a result of defendant's conduct, plaintiff JAMES WILSON has suffered

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendants made offensive contact with plaintiff JAMES WILSON without privilege or consent.

94. As a result of defendants' conduct, plaintiff JAMES WILSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Plaintiff was unlawfully strip searched in the absence of reasonable individualized

suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

98.   As a result of defendants' conduct, plaintiff JAMES WILSON has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99.   As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

100.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

102.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

103.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

104.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff JAMES WILSON.

105.   As a result of the aforementioned conduct, plaintiff JAMES WILSON suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

106.   As a result of the foregoing, plaintiff JAMES WILSON is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

107. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, use of excessive force against, and illegal strip search of plaintiff JAMES WILSON.

109. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

110. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

111. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Upon information and belief the defendant CITY OF NEW YORK failed to use

16

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, use of excessive force against, and illegal strip search of plaintiff JAMES WILSON.

113.   As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

114.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

116.   As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

117.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth

herein.

118. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

120. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. As a result of defendants' conduct, plaintiff JAMES WILSON was deprived of his right to equal protection of laws.

122. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

123. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124. As a result of defendants' conduct, plaintiff JAMES WILSON was deprived of his right to security against unreasonable searches, seizures, and interceptions.

125. As a result of the foregoing, plaintiff JAMES WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JAMES WILSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 18, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff JAMES WILSON
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)